[Cite as *Eberly v. Eberly*, 2013-Ohio-1650.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TIMOTHY C. EBERLY | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2012CA00161 |
| TANJA EBERLY | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas Court, Domestic Relations Division, Case No. 2005DR01212 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 22, 2013 |
| APPEARANCES: | |

For Plaintiff-Appellee

ROSEMARY G. RUBIN
The Victorian Professional Building
1435 Market Avenue, North
Canton, Ohio 44714

For Defendant-Appellant

L. RAY JONES
P.O. Box 592
Medina, Ohio 44258

*Hoffman, J.*

{¶1} Defendant-appellant Tanja Eberly ("Mother") appeals the August 9, 2012 Judgment Entry entered by the Stark County Court of Common Pleas, Domestic Relations Division, which overruled her objections to the magistrate's June 7, 2012 decision, and approved and adopted said decision as order of the court. Plaintiff-appellee is Timothy C. Eberly ("Father").

STATEMENT OF THE FACTS AND CASE

{¶2} The parties were married on January 4, 1994. One child was born as issue of said union, to wit: Mason (DOB 9/17/01). Throughout the marriage, Mother visited Germany several times a year for several weeks at a time. On June 18, 2005, Mason accompanied Mother to Germany to visit Mother's mother.[1] However, Mother refused to return Mason from this visit.

{¶3} Father filed a Complaint for Divorce on September 22, 2005. Mother was served with the Complaint in Germany. The magistrate issued temporary orders on November 22, 2005, designating Father as the temporary residential parent and legal custodian of Mason, and ordering Mother to "immediately return" the child to Stark County. Mother filed a custody proceeding in Germany. The German trial court found the United States was the proper forum.

{¶4} The trial court scheduled the matter for trial on June 20, 2006. Mother did not appear for the trial. Via Final Decree of Divorce filed June 29, 2006, the trial court granted Father a divorce from Mother, and designated Father as the residential parent and legal custodian of Mason.

---

[1] Mother has dual citizenship in Germany and the United States.

{¶5} After two years of litigation in Germany, Mother and Mason returned to the United States in February, 2008. Mother filed a Motion to Modify Allocation of Parental Rights and Responsibilities/Motion to Designate [Mother] as Residential Parent and Legal Custodian of Minor Child on April 11, 2008. Father filed a motion to dismiss. The matter was scheduled for a two day hearing before the magistrate. On August 7, 2008, Mother filed a notice of voluntary dismissal without prejudice pursuant to Civ. R. 41(A).

{¶6} On October 31, 2008, Mother filed a Motion to Modify Allocation of Parental Rights and Responsibilities/Motion to Designate [Mother] as Residential Parent and Legal Custodian of Minor Child/Motion for Reappointment of Guardian Ad Litem/Motion to Establish Parenting Time/Alternative Motion to Modify Parenting Time/Motion to Require Counseling. Father filed a motion to dismiss. Mother filed a notice of voluntary dismissal without prejudice pursuant to Civ. R. 41(A) on June 3, 2009. On the same day, the parties entered into an Agreed Judgment Entry, which established Mother's parenting time with Mason.

{¶7} Mother filed a Motion to Modify Allocation of Parental Rights and Responsibilities/Motion to Designate [Mother] as Residential Parent and Legal Custodian of the Parties' Minor Children on November 9, 2011. Father filed a motion to dismiss. The magistrate ordered the parties to brief their respective positions on the issue of change of circumstances. In her brief, Mother stated the original custody decision entered on June 29, 2006, had been revoked based upon an agreement the parties reached in the German litigation in February, 2008. Mother asserted, based upon this agreement, the current motion to modify should be treated as an initial custody determination. The magistrate then ordered the parties to brief their respective

positions on the issue of the 2008 document as it relates to the change of circumstances issue.

{¶8}   Via decision filed June 7, 2012, the magistrate found the 2008 agreement reached by the parties had no legal effect, and the 2006 custody determination remained in effect.  The magistrate noted the 2008 agreement had not been submitted to or approved by the court, and had not been introduced during the 2009 litigation; therefore, was barred from consideration by res judicata.  The magistrate concluded Mother had the burden to show a substantial change of circumstances as a threshold requirement.  Additionally, the magistrate found the child's maturity, standing alone, was not a sufficient reason to support a modification.  The magistrate also found no substantial change of circumstances had occurred in either Mason's or Father's lives which would require the court to move to a best interest determination.

{¶9}   Mother filed objections to the magistrate's decision. Via Judgment Entry filed August 9, 2012, the trial court overruled Mother's objections, and approved and adopted the magistrate's decision as order of the court.

{¶10} It is from this judgment entry Mother appeals, raising the following assignment of error:

{¶11} THE TRIAL COURT ABUSED ITS' DISCRETION ERRED IN ITS' FINDINGS OF RES JUDICATA; FINDING THAT ELECTION WAS NOT SUFFICIENT REASON TO SUPPORT CHANGE, WHEN AT NO POINT IN TIME DID APPELLANT ADVANCE SUCH A SOLITARY THEORY, THEREFORE THE FINDING BY THE TRIAL COURT, THAT THE "DEFENDANT'S POSITION REGARDING THE ADVANCING AGE OF THE CHILD, TOGETHER WITH THE STATING OF THE CHILD'S WISHES, IS

TANTAMOUNT TO THE COURT GRANTING THE CHILD AN ELECTION, WHICH NO LONGER EXISTS. THE EVIDENCE DOES NOT MERIT REALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES;" SUCH WHERE EVIDENTIARY FINDING IS BASED UPON DIFFERING THE MATERIAL FACTS CONTAINED IN THE PARTIES MEMORANDUMS.

{¶12} THE TRIAL COURT ERRED IN NOT CONDUCTING AN IN CAMERA INTERVIEW AS SUCH IS REQUIRED BY RC 3109.04(B)(1); AND SUMMARILY RULED, ALTHOUGH THE COURT HAD REQUESTED MEMORANDUMS WHICH CONTAINED DIFFERENT MATERIAL FACTS.

I

{¶13} At the core of Mother's assignment of error is her disagreement with the trial court's dismissal of her motion to modify allocation of parental rights. Mother argues the trial court erred as a matter of law in finding her June 3, 2009 Civ. R. 41(A) dismissal without prejudice "made res judicata the issue of whether or not that the evidence in the case at the time of the instant case would have been one of best interest, as opposed to a first required finding of change of circumstances." Mother adds the trial court's finding of res judicata was erroneous because the dismissal was without prejudice; therefore, the dismissal of her motion to modify on this basis was, likewise, erroneous.

{¶14} We agree with the trial court the 2008 agreement was barred from consideration by res judicata.

{¶15} Civ. R. 41(A) provides, in relevant part:

**{¶16}** Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, *except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.*

**{¶17}** Mother dismissed her first two motions to modify. Mother's voluntary dismissal of the second motion, based upon the same allegations and facts, constituted a final, valid decision on the merits. Accordingly, the dismissal of the second motion has res judicata effect as to Appellant's reliance on the 2008 agreement in support thereof.

**{¶18}** We also find the 2008 agreement which purported to revoke the 2006 custody determination was not binding on the trial court as such document was never submitted to or approved by the trial court at the time it was entered into. We find such agreement does not render the trial court's original custody determination of no consequence. Accordingly, we hold Mother cannot utilize the 2008 agreement as a means to circumvent the change of circumstances hurdle.

**{¶19}** We now turn to the trial court's finding Mother failed to meet her burden of establishing a substantial change of circumstances.

**{¶20}** The power of a court to modify an existing custody decree is provided in R.C. 3109.04(E)(1)(a), which states, in pertinent part:

> The court shall not modify a prior decree allocating parental rights
> and responsibilities for the care of children unless it finds, based on facts
> that have arisen since the prior decree or that were unknown to the court
> at the time of the prior decree, that a change has occurred in the

circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶21} A trial court's decision to modify custody pursuant to this statute will not be disturbed on appeal absent an abuse of discretion. This standard of review is applied because it is imperative trial courts are given wide latitude in these cases. *Davis v. Flickinger,* 77 Ohio St. 3d 415 (1997).

{¶22} Mother contends the evidence supported a finding of change of circumstances requiring further inquiry by the trial court. Mother points to the passage of time during which Mason experienced significant development as well as the child's expressed desire to live with Mother.

{¶23} A review of the record reveals Mason returned to the United States in February, 2008, approximately 2 ½ years after Mother and Mason went to Germany. Mason was 6 ½ years when he was returned to Father's custody, and was 10 years old at the time of the filing of Mother's most recent motion to modify. We do not find this passage of time, alone, sufficient to find a change of circumstance. *See, e.g., Boone v. Kaser*, 5th Dist. No. 2001AP050050, 2001 WL 1011453 (August 28, 2001). Rather, the passage of time during a significant developmental portion of a child's life must be combined with other pertinent factors. *Id.* We find such factors are not present in the case sub judice. Mother failed to present evidence of any significant development in Mason's life during this time other than his actual aging. Mason had adjusted well to his school and was doing well academically. We find the trial court did not abuse its discretion in finding no change of circumstances existed.

{¶24} Although Mason did wish to be with Mother, a child's wishes regarding allocation of parental rights is only one factor in considering the child's best interest. However, the trial court did not reach the best interest determination as Mother did not meet the threshold issue of change of circumstances.

{¶25} Mother also contends the trial court erred in not conducting an in camera interview of Mason despite her request for such. Because the trial court never reached the best interest portion of the hearing, we find the trial court's failure to conduct an in camera interview was not error given the failure of Appellant to meet the change of circumstances threshold.

**{¶26}** Mother's sole assignment of error is overruled.  The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

TIMOTHY C. EBERLY                          :
                                           :
    Plaintiff-Appellee                     :
                                           :
-vs-                                       :           JUDGMENT ENTRY
                                           :
TANJA EBERLY                               :
                                           :
    Defendant-Appellant                    :           Case No. 2012CA00161

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER